IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANNY LYNN WARE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0081 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner DANNY LYNN WARE has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial

District Court of Potter County, Texas, for the felony offense of aggravated assault with a deadly

weapon and the resultant 10-year sentence.  For the reasons set forth below, the United States

Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should

be DENIED.

I.
PROCEDURAL HISTORY

On June 26, 2013, petitioner was charged by indictment in Cause No. 67,226-B with the

offense of aggravated assault with a deadly weapon.  [ECF 12-10 at 51].  Petitioner was

admonished, pleaded guilty to the offense, and on September 12, 2013, the trial court sentenced

him to a term of ten (10) years imprisonment.  *See State v. Ware*, No. 67,226-B.  [ECF 12-10 at

38, 40, 44-45].  Pursuant to the plea bargain agreement with the State, petitioner waived his right to appeal after his sentence was imposed.  [ECF 12-10 at 49].  Even so, petitioner directly appealed his conviction; however, on January 6, 2014, the state intermediate appellate court dismissed petitioner's direct appeal for want of jurisdiction.  *Ware v. State*, 07-13-00446-CR, 2014 WL 60993, at *1 (Tex. App.—Amarillo Jan. 6, 2014, no pet.).  Petitioner did not file a petition for discretionary review.[1]

Petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition.  On March 19, 2014, the Texas Court of Criminal Appeals dismissed petitioner's state habeas application because his conviction was not final *i.e.* a mandate had not issued in his case.  *In re Ware*, No. 80,892-01. [ECF 12-8].  Petitioner filed a second state writ of habeas corpus, and the Texas Court of Criminal Appeals denied the writ on October 1, 2104 without written order.  [ECF 12-11].

On March 6, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on July 16, 2015, respondent filed an answer.

## II.
### PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1.    He received ineffective assistance of trial counsel when counsel:

    A.    Gave wrong advice resulting in petitioner's acceptance of the plea bargain; and

    B.    Failed to investigate;

2.    He is being illegally detained due to insufficient evidence;

---

[1] Review of the docket sheet in this case shows a PDR was filed with the state court records [ECF 12-7]; however, this PDR was filed in error as it relates to another litigant.

3.      The indictment was defective due to prosecutorial error; and

4.      He is actually innocent.

III.
STANDARD OF REVIEW

In her July 16, 2015 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims of ineffective assistance of counsel.  [ECF 23 at 4-8, 13-14].  The Court will not repeat respondent's recitation regarding these standards of review, except to acknowledge an ineffective assistance of counsel claim requires petitioner to show defense counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the court need not consider the other prong.  *Id.* at 697.  Moreover, when a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness.  *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

IV.
MERITS

A.
Petitioner's Knowing and Voluntarily Entry of Guilty Plea

The Court must address as a preliminary matter the issue of whether petitioner knowingly and voluntarily entered his guilty plea, pursuant to a plea bargain with the State.  A federal court

will set aside a guilty-plea conviction only if the petitioner can allege and prove that his plea was not a voluntary, knowing, and intelligent act. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970). To be constitutionally valid, a guilty plea must be intelligent and voluntary. *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). To be voluntary, a guilty plea must not be produced by actual or threatened physical harm or by mental coercion overbearing the will of the defendant or by state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000). For a guilty plea to be intelligently entered, the defendant must be competent, have notice of the nature of the charge against him, and understand the consequences of a guilty plea, including the nature of the constitutional protection he is waiving. *Id*. at 364-65. To understand the consequences of a guilty plea, the defendant must know the maximum prison term and fine for the offense charged. *Santos-Sanchez v. United States*, 548 F.3d 327, 336 (5th Cir. 2008). A defendant's statements in court and in plea documents that his plea was knowing and voluntary and that he understood the rights he was waiving create a presumption that in fact the plea is valid. *United States v. Washington*, 480 F.3d at 316.

Petitioner was admonished in writing that his punishment would be imprisonment for a term of not more than twenty (20) years or less than two (2) years and in addition, a fine not to exceed $10,000. [ECF 12-12 at 41]. Petitioner judicially confessed he committed the offense of aggravated assault with a deadly weapon [ECF 12-12 at 45]; stated he understood the admonishments and the consequences of his plea; stated his plea was freely, knowingly, and

voluntarily entered; stated that no one promised him anything, including community supervision, a pardon, or early parole, in order to cause him to plead guilty.  [ECF 12-12- at 43].

Petitioner does not deny he freely, knowingly, and voluntarily entered his plea of guilty; instead, he contends had trial counsel investigated his case, instead of urging him to enter a plea, then he would not have done so and, "…the out-come (sic) would have been different." [Petitioner's Brief, ECF 4 at 3].  Petitioner's allegation about counsel's advice, however, is directly refuted by the record.  The Defendant's Statement on Admonishments, signed by petitioner in open court, specifically stated,

> Comes now the defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea.  I am now mentally competent to stand trial and I was sane at the time of the commission of the offense to which I have plead.  No one has threatened me in any way or placed me under any kind of fear in order to cause me to enter a plea to the charge herein and my plea is freely, knowingly, and voluntarily entered.  No one has promised me anything, including probation, a pardon, or early parole in order to cause me to enter a plea to the charge herein.

[ECF 12-12 at 43].  This admonishment language referred to and made clear there were no promises by anyone, including trial counsel.  Petitioner has not overcome the strong presumption of verity attached to his solemn, signed declaration in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral proceedings"); *see also Bonvillain v. Blackburn*, 780 F. 2d 1248, 1250 (5th Cir. 1986.) (Plea documents executed by petitioner are prima facie proof of the matters recited therein and conclusory allegations are not sufficient to overcome the strong presumption of verity that attaches to them).  Because petitioner has failed to rebut this presumption, the Court finds that he knowingly and voluntarily entered his guilty plea.

B.
Waiver of Claims 1(B), 2 and 3

By his claims 2 and 3, petitioner argues he is being illegally detained not only because of insufficient evidence, but also because the indictment against him was defective due to prosecutorial error.   It is well established that by pleading guilty petitioner waived any error that may have existed related to these claims.  *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant).  Stated another way, a guilty plea waives any violation of constitutional rights that occurred prior to the plea, except for claims of ineffective assistance of counsel regarding the voluntariness of the guilty plea.  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  The Supreme Court has stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards...
>
> ...
>
> A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement, such as unconstitutional grand jury selection procedures, might be factually supported.

*Tollett v. Henderson*, 411 U.S. 258, 267-268, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

As explained *supra*, petitioner's plea was knowing and voluntary.  Therefore, petitioner's guilty plea also served to waive his claim 1(B) concerning the failure of counsel to investigate. That claim does not involve a challenge to the voluntariness of the guilty plea and should be denied.  *See United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985) (guilty plea

waived claim of sufficiency of evidence).  Consequently, petitioner has waived claims 1(B), 2 and 3, and those should be denied.

C.

Claim 1(A) - Effectiveness of Trial Counsel

"Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived *except claims of ineffective assistance of counsel relating to the voluntariness of the plea.*"  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (emphasis added). Here, petitioner alleges trial counsel gave him wrong advice that resulted in his acceptance of the plea bargain.  As set forth *supra*, and as argued by respondent, petitioner knowingly and voluntarily entered his guilty plea.  As such, petitioner has also waived his claim of ineffective assistance of counsel on this issue.

Assuming arguendo petitioner could overcome the finding that he entered his plea knowingly and voluntarily, his claim against trial counsel would still fail.  Petitioner has presented nothing other than conclusory allegations, unsupported by evidence in the record, that his plea was motivated by significant misinformation conveyed by trial counsel.  [Petitioner's Memo, ECF 4 at 4].  Petitioner's bald assertions are too vague, conclusory and unsupported to be of probative evidentiary value in support of his claims.  *See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.2000) (citing *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983)).  Petitioner has not specified what erroneous information counsel provided; rather, petitioner merely reiterates his conclusory argument that counsel failed to investigate.  Specifically, petitioner does not allege any facts to show that but for the alleged failure of counsel to investigate, he would not have entered his plea. Thus, petitioner waived his claim that counsel provided erroneous information upon which he based his decision to plead guilty; alternatively, petitioner has failed to show

counsel was ineffective under the two-prong standard of *Strickland*.  For these reasons, this particular claim should also be denied.

## D.
### Actual Innocence

The Court understands petitioner to raise a claim of actual innocence.  Petitioner appears to argue he is actually innocent of the crime of theft or shoplifting.  It appears from petitioner's pleading he was originally detained, or in the process of being detained, for theft or shoplifting when an altercation arose that ultimately led to the charge for, and conviction of, the offense of aggravated assault with a deadly weapon.  [Petitioner's Brief, ECF 4 at 7].  Such argument, however, is not relevant to this case.  Petitioner's instant habeas claims relate to his conviction for aggravated assault with a deadly weapon.  Additionally, it does not appear petitioner was charged with, or convicted of, theft or shoplifting because of this incident; thus, any claim of his innocence of that crime is moot.  To the extent petitioner attempts to argue he is actually innocent of the crime raised in this habeas case, aggravated assault with a deadly weapon, his claim should fail.

Actual innocence means "factual innocence and not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).  In order to establish actual innocence, a petitioner must show, "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him'" *Id.* (quoting *Schlup*, 513 U.S. at 328)).

A freestanding actual innocence claim is not cognizable on federal habeas review.  *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  A federal habeas corpus court can consider an actual innocence claim only when the petitioner is

attempting to have that court conduct a merits review of an otherwise procedurally barred claim. *See Schlup v. Delo*, 513 U.S. 298,314, 115 S.Ct. 851,860, 130 L.Ed.2d 808 (1995).

Petitioner's attempt to avoid the non-cognizability rule is fruitless. A credible claim that constitutional error has resulted in the conviction of an innocent person is rare and "requires petitioner to support his allegations of constitutional error with *new reliable* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). In this case, although petitioner globally alleges a constitutional error occurred, he has not provided any new evidence to support such an allegation.

Not only must a petitioner have a truly persuasive basis for relief, but the Supreme Court has also established "federal habeas relief would only be available if there is no state procedure for making such a claim." *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Petitioner raised the same argument herein with the Texas Court of Criminal Appeals, which rejected it without written order. [ECF 12-12 at 17]. Accordingly, petitioner's claim in this regard should be denied.

V.

AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claims raised herein and denied relief. In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'"

*Nelson v. Quarterman*, 472 F.3d 287, 292 (5ᵗʰ Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5ᵗʰ Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5ᵗʰ Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

VI.

RECOMMENDATION

For the above reasons and the reasons set forth in respondent's July 16, 2015 Response

[ECF 23], it is the RECOMMENDATION of the United States Magistrate Judge to the United

States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner

DANNY LYNN WARE be DENIED.


VII.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 30, 2018.


LEE ANN RENO

UNITED STATES MAGISTRATE JUDGE


* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the
event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is
fourteen (14) days from the date of filing as indicated by the "entered" date directly above the
signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by
electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the
fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See*
28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections
with the United States District Clerk and serve a copy of such objections on all other parties.  A
party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\FCR\Ware-81.DNYMerits: 1